Roy D. Gross
The Roy Gross Law Firm, LLC
50 Washington Street, Suite 737
Norwalk, Connecticut 06854
Telephone: (203) 423-0235
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOSHIK NADAV, ) | |
| MOSHIK NADAV TYPOGRAPHY LLC, ) | Civil Action No. _____ |
|  ) | |
| Plaintiffs, ) | COMPLAINT |
|  ) | |
| v. ) | |
|  ) | **JURY TRIAL DEMANDED** |
| BEARDWOOD & CO. LLC ) | |
|  ) | |
| Defendant. ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs, Moshik Nadav and Moshik Nadav Typography LLC ("Plaintiffs" or "Nadav"), for their Complaint against Defendant, Beardwood & Co. LLC ("Beardwood" or "Defendant"), allege as follows:

**INTRODUCTION**

1. This is an action for Copyright Infringement under 17 U.S.C. § 101 et seq. and Breach of Contract against Defendant Beardwood for its *commercial* use and exploitation of Nadav's font software.

2.	Plaintiff Nadav, owner of Moshik Nadav Typography LLC ("MNT"), is a well-known graphic designer and a leading figure in the world of typography.  Nadav is in the business of designing, creating, producing, marketing, and licensing the use of computer software for, *inter alia*, typeface fonts and art design works in digital formats.

3.	Defendant Beardwood, a design agency and direct competitor to Nadav, purchased a non-commercial license to Nadav's *Paris Pro Regular* font software ("*Paris Pro FS*") in 2015.  Beardwood "created" a logo ("*Joy Logo*") using Nadav's font software and passed off this logo as its own work product to Joy Mangano ("Joy").

4.	Joy is a famous entrepreneur who sells thousands of products on the US television shopping channel Home Shopping Network ("HSN"), among other channels.  The *Joy Logo* is the key logo and branding element for Joy Mangano and the *Joy Logo* appears on virtually all commercial products sold by Joy.

5.	By engaging in *commercial* use of Nadav's font software to "create" the *Joy Logo*, Defendant Beardwood exceeded the scope of the *non-commercial* license it purchased from Nadav.  Moreover, Beardwood violated an End User License Agreement ("EULA") that it agreed to upon its purchase of the *Paris Pro FS*.

6.	In view of Beardwood's conduct, Nadav hereby seeks (1) injunctive relief against Beardwood for its continued unauthorized and improper commercial use and exploitation of Nadav's font software; and (2) all damages arising from Beardwood's past and present infringement, including treble damages, and attorneys' fees and costs for having to bring this suit to enforce Nadav's copyright and contractual rights.

## PARTIES

7. Plaintiff Moshik Nadav is an individual residing in Brooklyn, NY.

8. Plaintiff MNT is a limited liability company organized under the laws of New York with its main office located at 101 Bedford Avenue, A-603, Brooklyn, New York 11211. Plaintiff Nadav is the owner of MNT.

9. Upon information and belief, Defendant Beardwood is a limited liability company organized under the laws of New York and has a place of business at 588 Broadway, Suite 803, New York, New York 10012.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 over the federal copyright infringement claims, which arise under the Copyright Act, 17 U.S.C. § 101 et seq. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the breach of contract claims.

11. Upon information and belief, this Court has personal jurisdiction over Beardwood because it has a business address and conducts business in this District.

12. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d) because a substantial part of the wrongful events giving rise to the claims asserted herein occurred in this District, and a substantial portion of the wrongful events at issue have arisen and/or will arise in this judicial district and Nadav has suffered harm in this District.

## STATEMENT OF FACTS

A.  Nadav's Considerable Fame in the Graphic Design and Typography Industry

13. Plaintiff Nadav, a well-known graphic designer and a leading figure in the world of typography, is engaged in the business of designing, creating, producing, marketing, and licensing the use of computer software for, *inter alia*, typeface fonts and art design works in digital formats.

14. Nadav established his typography and graphic design business in Israel in 2009 and relocated to New York in 2013, where he founded MNT.

15. MNT is an innovative typography and graphic design business that focuses on the creation of font software, artistic typefaces, and logotypes that are sold to customers. MNT sells both commercial and non-commercial licenses to Nadav's font software, artistic typefaces, and logotypes on Nadav's website, www.moshik.net.

16. Non-commercial licenses are available for purchase on www.moshik.net for a set license fee, while commercial and exclusive licenses to Nadav's work are only available upon a direct request to Nadav and are priced according to the scope and nature of the requested use.

17. This is an inherent part of Nadav's business model as Nadav offers companies the opportunity to test his font software and evaluate his artistic work by purchasing a *non-commercial* license, and if any company wishes to engage Nadav on a commercial project, it can do so after working with the software and assessing the artistic value of Nadav's work.

18. Furthermore, Nadav offers *commercial* licenses to use of typeface and logotypes originating from his font software upon request and significant payment. The cost of these licenses depends upon the scope of use of the work and the relevant use by the customer. The more important the design is to the client's business and image, the higher the price.

19. Nadav's clients include many international brands and well-respected companies such as VOGUE, Estee Lauder, ELLE UK, Ann Taylor, Volkswagen, Harrods, Target, The Fast Company and GQ magazine.

20. Nadav's work is frequently displayed on important design websites such as www.behance.net and www.typographyserved.com. Nadav's portfolio was viewed almost 1,000,000 times on the Behance website alone.

21. Nadav's well-respected font software and artistic typefaces and logotypes have been published in large and well-known typography websites, as well as in inspiration and trends websites, such as www.typoken.net, http://www.fubiz.net and http://trendland.com – all of which are frequented by graphic designers.

22. Nadav's Facebook page has more than 234,000 fans, making it one of the most popular Facebook pages in the typography and design industry.

23. Nadav's style is well known in the graphic design and typography industries, and graphic designers easily identify the unique artistic elements of Nadav's style in his work.

B.  Nadav's Copyright Registration (*Paris Pro Regular* font software)

24. In 2012, Nadav created a distinctive and unique artistic typeface font – the "*Paris Pro Typeface* font." The *Paris Pro Typeface* font includes unique artistic ligatures that connect the letters in the *Paris Pro Typeface font* to one another, and have a specific artistic expression that showcase Nadav's creativity as a graphic designer and typographer.

25. Nadav also created a computer software file for digitally rendering and displaying the *Paris Pro Typeface font* including its unique artistic ligatures. This computer software file is protected via U.S. Copyright Registration No. TX 8-312-302 and is entitled *Paris Pro Regular*

font software ("*Paris Pro FS*"). A copy of Registration Certificate for the *Paris Pro FS* is attached as Exhibit 1 to this Complaint.

26. No other software, font or typeface includes the same artistic ligatures set forth in the *Paris Pro FS* and *Paris Pro Typeface font*, and Nadav spent countless hours creating and perfecting these artistic ligatures.

27. The graphic design community recognized the artistic ligatures of the *Paris Pro Typeface font* as being "exciting ligatures" and "special" in the November 30, 2012 issue of Slanted, a highly-respected typography design magazine. A copy of the article in Slanted is attached as Exhibit 2 to this Complaint.

28. At the heart of this dispute is the specific unique artistic ligature created by Nadav in the *Paris Pro FS* and *Paris Pro Typeface font* between the letters "j" and "o" ("JO ligature").[1]

29. The JO ligature was copied by Beardwood and used <u>commercially</u> without Nadav's authorization and is reproduced below:



30. Rather than paying Nadav for a commercial license for this logotype, Beardwood purchased a non-commercial license to the *Paris Pro FS* and *Paris Pro Typeface font* and used the font software file, specifically, the JO ligature, in a commercial manner that was not authorized by Nadav.

---

[1] Nadav also created the letter "y" in the *Paris Pro FS* and *Paris Pro Typeface font* which was copied by Beardwood and used in the *Joy Logo*.

6

31. By doing so, Beardwood, a direct competitor of Nadav, deprived Nadav of any compensation for the commercial use of his work, while presenting Nadav's work as its own.

C.  *Paris Pro EULA Agreement*

32. Through his website, Nadav controls the use of the *Paris Pro FS* and *Paris Pro Typeface font* by means of an End User License Agreement ("*Paris Pro* EULA" or "EULA") to the software and font.  Customers can use the *Paris Pro FS* under specific terms governed by the EULA, with significant restrictions on certain types of use.  The EULA specifically prohibits various uses of the *Paris Pro FS* and *Paris Pro Typeface font* and a copy of the EULA agreement is attached hereto as Exhibit 3 to this Complaint.

33. The EULA specifies that the license granted to customers is a license to use the *Paris Pro FS* – i.e., the coded software file that generates the *Paris Pro Typeface font* designs. The EULA specifies that customers are not allowed to design a new font or artistic work based upon the *Paris Pro FS* or its graphical representations. Moreover, the EULA specifies that the *Paris Pro FS* is not to be used in a commercial manner, i.e. for an article of mass production or a commercial product. Furthermore, the EULA specifies that if the customer would like to use the *Paris Pro FS* in a way limited by the EULA, the customer should contact MNT to get a written approval for that specific use.

34. Customers agree to the EULA upon clicking "I Accept the License Agreement" when purchasing a license to the *Paris Pro FS*.

D.  *Beardwood's Purchase of the Paris Pro FS & Creation of the Joy Logo*

35. On March 25, 2015, Defendant Beardwood, a graphic design agency and competitor to Nadav, purchased a <u>non-commercial license</u> to the *Paris Pro FS*.  A copy of the

7

PayPal payment for the license is attached as Exhibit 4 to this Complaint. The license was purchased from Nadav's website by Kimberly Dunphy using the email (andrew@beardwood.com).

36. Upon information and belief, after purchasing the license, Beardwood downloaded the *Paris Pro FS* onto at least one of its computers.

37. Upon information and belief, Beardwood is a design agency that creates logos and branding campaigns for clients such as Westin®, Edgewell®, and Honest Tea®, among others.

38. Upon information and belief, Beardwood either prior to purchasing a license to the *Paris Pro FS* or shortly afterwards, secured a large branding contract from Joy Mangano ("Joy"), a famous entrepreneur known for inventions such as the self-wringing Miracle Mop® and Huggable Hangers®, as well as many other well-known products.[2]

39. Upon information and belief, Defendant created a logo, the "*Joy Logo*", as part of the large branding project for Joy. Copies of the *Joy Logo* created for Joy Mangano are reproduced below:



40. Upon information and belief, each version of the *Joy Logo* includes the JO ligature copied from the *Paris Pro FS*.

---

[2] In 2015, the film "Joy" starring Jennifer Lawrence was released based on Joy Mangano's life story.

8

41.     Upon information and belief, Beardwood used the *Paris Pro FS* to create the *Joy Logo*.  Specifically, Beardwood copied the JO ligature from the *Paris Pro FS* and incorporated the JO ligature into the *Joy Logo*.  Without the copied JO ligature, Beardwood could not have created the *Joy Logo*.

42.     After creating the *Joy Logo*, Beardwood touted the logo on its website as one of its "case studies." Specifically, Beardwood's website described the unique artistic typographical elements in the logo created for Joy attached as Exhibit 5 to this Complaint and reproduced below:



E. *Beardwood's Infringement of the Paris Pro FS*

43. Upon information and belief, the *Joy Logo* is the main logo for Joy's brand and is displayed on many thousands of products sold by Joy and her brand via various commercial channels, such as HSN, Macy's and Bed Bath & Beyond (see screenshots of these products attached as Exhibit 6 to this Complaint).[3]

44. Upon information and belief, Beardwood's unauthorized <u>commercial</u> use of the *Paris Pro FS* violates the *Paris Pro* EULA, which limits Beardwood's use of the *Paris Pro FS* to only <u>non-commercial</u> use.

45. Upon information and belief, Beardwood's copying of the JO ligature from the *Paris Pro FS* and implementation of the JO ligature into the *Joy Logo* violates the '302 Copyright registration protecting the *Paris Pro FS*.[4]

46. Upon information and belief, Beardwood copied the *Paris Pro FS* when it purchased a non-commercial license from Nadav and downloaded a copy of the *Paris Pro FS* onto a computer owned by Beardwood.

47. Upon information and belief, after downloading the *Paris Pro FS*, Beardwood used the *Paris Pro FS* to create the *Joy Logo* as part of a design project for Joy/HSN. This commercial use of the *Paris Pro FS* exceeded the scope of the license to the *Paris Pro FS* and constitutes a copyright infringement of the *Paris Pro FS*.

48. Upon information and belief, the *Joy Logo* features a copy of the JO ligature which is substantially similar or virtually identical to the JO ligature featured in the *Paris Pro*

---

[3] Nadav reserves the right to join Joy Mangano, HSN, Macy's and Bed Bath and Beyond, as well as other potential Defendants that use the *Paris Pro FS,* upon learning of the extent of all parties use of the *Paris Pro FS* in discovery.

[4] Nadav also submits that Beardwood copied the JO ligature from the *Paris Pro Typeface* font and respectfully reserves the right to amend this Complaint to introduce this cause of action at a later juncture, if necessary.

*FS*.

49. A comparison of the *Joy Logo* and "JOY" in the *Paris Pro FS* is shown below:



      *Joy Logo*                             *Paris Pro FS*

50. An overlay of "JOY" in the *Paris Pro FS* in yellow upon the Joy *Logo* in purple is shown below:



51. Upon information and belief, the lettering of the *Joy Logo* and the letters "J", "o" and "y" arranged in sequential order in the *Paris Pro FS* are substantially similar or virtually identical.

52. Upon information and belief, the overall look and feel of the *Joy Logo* is substantially similar to the letters "J", "o" and "y" arranged in sequential order in the *Paris Pro FS*.

11

53. Upon information and belief, Defendant Beardwood intentionally copied or caused to be copied the JO ligature from the *Paris Pro FS*, and used identical, or nearly identical elements in the *Joy Logo*.

54. Upon information and belief, Beardwood's copying of the JO ligature from the *Paris Pro FS* was willful.

55. Upon information and belief, Beardwood's copied the JO ligature from the *Paris Pro FS*, or, alternatively created derivative work(s) from the *Paris Pro FS*.

56. Upon information and belief, Defendant Beardwood intentionally copied or caused to be copied the letter "y" from Nadav's *Paris Pro FS*, and used identical, or nearly identical elements in the *Joy Logo*.

57. Upon information and belief, Beardwood's copying of the letter "y" from the *Paris Pro FS* was willful.

58. Upon information and belief, Beardwood's copied the letter "y" from the *Paris Pro FS*, or, alternatively created derivative work(s) from the *Paris Pro FS*.

59. Upon information and belief, Beardwood caused the *Joy Logo* to be owned and possessed by Joy Mangano, HSN, Macy's and Bed Bath and Beyond.

60. Upon information and belief, Beardwood contributed to and caused Joy Mangano, HSN, Macy's and Bed Bath and Beyond to use the *Joy Logo*.

61. Upon information and belief, the *Joy Logo* is molded into various products sold by Joy Mangano, HSN, Macy's and Bed Bath and Beyond, such that it forms an integral part of these products.

62. Upon information and belief, Beardwood's conduct constitutes, at the very least, reckless copyright infringement in disregard of Nadav's rights.

F. <u>Nadav's Pre-Lawsuit Investigation into Beardwood's Infringement</u>

63. Upon learning of the creation of the *Joy Logo*, Nadav approached Beardwood to enter into meaningful discussions to compensate Nadav for past infringement and future use of the *Paris Pro FS* (see attached Correspondence as Exhibit 7 to this Complaint without attached Exhibits in correspondence)[5].

64. For over eight months, Nadav and his counsel diligently attempted to negotiate a settlement with Beardwood to resolve this dispute.

65. Despite purchasing the *Paris Pro FS*, Defendant Beardwood asserted that it did not use the *Paris Pro FS* to create the *Joy Logo*, despite having direct access to the downloaded *Paris Pro FS* on at least one of its computers.

66. Nadav for months asked Defendant Beardwood to provide evidence to substantiate its assertion that it did not use the *Paris Pro FS* to create the *Joy Logo*. However, rather than prove this assertion, Beardwood consistently refused to show to Nadav how it "created" the *Joy Logo*.

67. To date, no materials have been provided to Nadav despite his many requests for this information.

68. Nadav has exhausted all remedies to settle this dispute and to collect the materials used to "create" the *Joy Logo* – materials, which will prove that Defendant Beardwood copied the JO ligature and the font software file from the *Paris Pro FS* and used the JO ligature in the *Joy Logo*.

---

[5] Exhibit 7 also includes attempts to negotiate a settlement with Joy Mangano and HSN.

## COUNT I:
### (Copyright Infringement – U.S. Copyright Reg. No. TX 8-312-302 – *Paris Pro FS*)

69. Nadav realleges all the foregoing paragraphs as if set forth specifically herein.

70. Beardwood has created, and/or caused to be created and distributed unauthorized copies of the *Joy Logo* created by means of the unlicensed use of Nadav's copyrighted *Paris Pro FS*.

71. Upon information and belief, Beardwood copied the artistic JO ligature from the *Paris Pro FS* and used the copied JO ligature to "create" the *Joy Logo*.

72. By reason thereof, Beardwood has infringed and will continue to infringe Nadav's valuable copyright in the *Paris Pro FS*.

73. Beardwood's actions represent past and ongoing infringement of the *Paris Pro FS* copyright under 17 U.S.C. §501.

74. Upon information and belief, Beardwood's infringement of the *Paris Pro FS* is willful and deliberate and Beardwood has profited at the expense of Nadav.

75. Beardwood's conduct constitutes, at the very least, reckless copyright infringement in disregard of Nadav's rights.

76. These wrongful acts have caused irreparable injury to Nadav. Unless such acts are restrained and enjoined by this Court, Beardwood will continue to infringe upon Nadav's intellectual property, and the resulting damage to Nadav will be substantial, continuing and irreparable.

77. Nadav seeks injunctive relief, treble damages and attorney fees stemming from Defendant's blatant and willful infringement of the *Paris Pro FS*.

78. Nadav has no adequate remedy at law.

## COUNT II:
### (Breach of Contract)

79. Nadav realleges all the foregoing paragraphs as if set forth specifically herein.

80. Beardwood has created, and/or caused to be created and distributed unauthorized copies of the *Joy Logo* created by means of the unlicensed use of Nadav's copyrighted *Paris Pro FS*.

81. Beardwood has purchased no license that permitted the uses complained of herein.

82. Beardwood was not and is not authorized to use, copy, sell, distribute, license, sublicense, or otherwise permit the creation of goods containing the *Joy Logo* by means of the use of the *Paris Pro FS*.

83. By reason thereof, Beardwood's actions are breach of the *Paris Pro* EULA agreement entered to upon purchasing a license to the *Paris Pro FS*.

84. Beardwood has been unjustly enriched at the expense of Nadav.

85. Nadav is entitled to recover damages he has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Beardwood as a result of the acts of infringement and breach of contract alleged herein.

86. Nadav has no adequate remedy at law.


## PRAYER FOR RELIEF

WHEREFORE, Nadav demands judgment be entered in its favor and against Defendant as follows:

A. That judgment be entered in favor of Nadav and against Defendant on each and every Claim in the Complaint;

B.   That Defendant be held to be willful infringers and treble damages be levied against Defendant.

C.   That Nadav receive direct and consequential damages in an amount to be determined at trial in excess of $250,000;[6]

D.   For interest on the above damages, from the date on which the damages were incurred;

E.   That Nadav be awarded punitive damages;

F.   That Nadav be awarded reasonable attorneys' fees, costs and disbursements upon prevailing in this action; and

G.   That Nadav be awarded such other and further relief as the Court deems just and proper.

# JURY DEMAND

Nadav demands a trial by jury on all claims and issues so triable.

Date: August 24, 2017

Respectfully Submitted,

s/Roy D. Gross/
Roy D. Gross (Bar No. RG0416)
The Roy Gross Law Firm, LLC
50 Washington Street, Suite 737
Norwalk, Connecticut 06854
Telephone: (203) 423-0235
roy@rgrosslaw.com

*Attorney for Plaintiffs Moshik Nadav and Moshik Nadav Typography LLC*

---

[6] Nadav reserves the right to ask for additional compensation based upon learning of the use made of the *Joy Logo* by Joy Mangano, HSN, Macy's and Bed Bath and Beyond, as well as any other potential Defendants.